## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **JOHN JASON AMAR,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:02-1221** |
| | ) | **(CRIMINAL NO. 5:01-0174)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDS AND RECOMMENDATION

On October 7, 2002, Movant filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255.[1] (Document No. 29.) Movant was charged in a two-count Information filed on July 27, 2001, with (1) unlawfully distributing a quantity of oxycodone in or about March, 2001, in violation of 21 U.S.C. § 841(a)(1), and (2) mail fraud in the billing of a health insurance company for medical services which he did not perform in violation of 18 U.S.C. § 1341. (Document No. 1 in 5:01-cr-0174.) On August 9, 2001, the United States moved the District Court to schedule a guilty plea hearing , and the District Court scheduled the hearing for September 4, 2001. (Document Nos. 2 and 3 in 5:01-cr-0174.) Having entered a plea agreement on September 4, 2001, Movant appeared for his plea hearing on that day represented by his retained attorney, Mr. Gregory Campbell, and pled guilty to count one contained in the Information.[2] (Document Nos. 8 and 10 in 5:01-cr-0174.) During

---

[1] Because Movant is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer, and therefore, are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The plea agreement provided at Paragraph 11(f) and (g) that "[t]he United States reserves the right to: * * * (f) Advise the Court concerning the nature and extent of Dr. Amar's cooperation; and (g) Address the Court regarding the issue of Dr. Amar's acceptance of responsibility." (Document No. 8 in 5:01-cr-0174.)

the plea hearing, Movant entered a Waiver of Indictment stating that "I have been advised of the nature of the charge, of the proposed information, and of my rights. I hereby waive in open court prosecution by indictment and consent that the proceedings may be by information, rather than by indictment." (Document No. 6 in 5:01-cr-0174.) The District Court noted in its Order covering the plea hearing that "[t]he Court . . . inquired, pursuant to the requirements of *Fed. R. Crim. P.* 7(b), concerning the defendant's understanding of the right to require the United States to proceed by way of indictment. After the Court explained thoroughly this right and heard and considered the defendant's responses to the Court's questions, the defendant executed a waiver of indictment, and the defendant's counsel witnessed the document. The Court found that the defendant had made a knowing and intelligent waiver of the right to proceed by way of indictment." (Document No. 10 in 5:01-0174, pp. 1 - 2.) Movant was released on bond. (Document No. 5 in 5:01-0174.) On October 15, 2001, the United States filed a Motion for Revocation of Release and Appearance Bond claiming that Movant had threatened a confidential informant and a Motion for Issuance of an Arrest Warrant. (Document Nos. 14 and 15 in 5:01-0174.) The Court entered an Order requiring the issuance of an Arrest Warrant, held a hearing on October 16, 2001, and found "probable cause to believe that Defendant threatened to physically harm a witness in the case against him as well as the witness's family." The Court therefore found that "there is clear and convincing evidence that Defendant violated a condition of his release, specifically, the condition requiring him to have no contact with any witness involved in the case." The Court granted the United States' Motion for Revocation of Release and Appearance Bond. (Document Nos. 16 and 18 in 5:01-cr-0174.) Prior to his sentencing, Movant's counsel filed a Sentencing Memorandum of Law, and the United States responded. (Document Nos. 21 and 22 in 5:01-cr-0174.) The Presentence Investigation Report provided that Movant should be sentenced at Offense Level 30 (Base Offense Level of 26 enhanced by 2 levels pursuant to U.S.S.G. § 3B1.3 and 2 additional levels pursuant to U.S.S.G. § 3C1.1) in Criminal History Category I and not receive credit for acceptance of responsibility. (Presentence Investigation

2

Report (Document No. 26 in 5:01-cr-0174.), ¶¶ 45, 49, 50, 52 and 53.) Movant raised numerous objections to the Presentence Investigation Report specifically denying conduct comprising the offense of conviction. The Court sentenced Movant on December 11, 2001. At sentencing, Movant withdrew his objection to and denial of offense conduct, and the District Court adopted the factual findings and Guideline application set forth in the Presentence Investigation Report, but deemed Movant entitled to credit for acceptance of responsibility. The Court therefore deducted 2 Offense Levels from the total Offense Level of 30 pursuant to U.S.S.G. § 3E1.1(a) and sentenced Movant at Offense Level 28, Criminal History Category I, to a 78 month term of incarceration and a three year term of supervised release and required Movant to pay $100 mandatory assessment and $1,305.74 restitution. (Document Nos. 23 and 24 in 5:01-cr-0174.) Movant did not appeal his sentence. Rather, as stated above, on October 7, 2002, Movant filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. Movant claims in his Motion in this case as follows:

His sentence of imprisonment and supervised release violated due process and was imposed without jurisdiction because
- A. He did not make a knowing and intelligent waiver of his right to indictment;
- B. The United States violated the explicit terms of the plea agreement by not advising the Court of his cooperation; and
- C. His counsel provided ineffective assistance which affected the proceedings at each phase by
  1. Urging him to plead guilty to the charges contained in the Information without explaining his right to indictment by a grand jury and subjecting the United States' case to meaningful adversarial testing;
  2. Failing to investigate;
  3. Advising him to plead guilty without investigating; and
  4. Failing at his sentencing to point out that the United States did not advise the Court of his cooperation, to request at a minimum that he receive credit for acceptance of responsibility and to raise the other objections to the Presentence Investigation Report for the Court's consideration.

After reviewing the entire record in 5:01-cr-0174 and this case, the undersigned determined

3

that all but one of Movant's allegations were without merit. By Order entered on July 12, 2004, the undersigned therefore directed the United States to respond to Movant's allegation of ineffective assistance of counsel and specifically "address whether Movant was and is entitled to a further one offense level reduction pursuant to U.S.S.G. § 3E1.1(b) and whether the error, if any, should be attributed to ineffective assistance of counsel and/or a simple mistake of the Court." (Document No. 34, p. 5.) The undersigned further directed the United States to provide the Court with copies of the transcripts of Movant's plea and sentencing hearings. (Id., p. 6.) On August 3, 2004, the United States filed its Response to Movant's § 2255 Motion and the pertinent transcripts of his criminal proceedings. (Document No. 37.) In its response, the United States acknowledges that an argument can be made under United States v. Lancaster, 112 F.3d 156 (4th Cir. 1997), that because the Court determined Movant eligible for the two point reduction for acceptance of responsibility under § 3E1.1(a), the Court was obligated to award the third point under section (b). (Id., pp. 6-7.) Nevertheless, the United States argues that in the context of the circumstances facing counsel during Movant's sentencing, his decision to forego the additional one level reduction for acceptance does not constitute ineffective assistance of counsel. (Id.) Under Application Note 4 to § 3E1.1, when an enhancement for obstruction of justice is given, a reduction for acceptance of responsibility is appropriate only in "extraordinary cases." (Id., p. 6.) Movant's counsel was able to "persuade the court to overlook defendant's clear obstruction of justice and still reduce his sentence for some acceptance of responsibility." (Id., p. 7.) In view of the Court's statement that the additional one level reduction "needs to be earned by more affirmative conduct on the part of a defendant" (Id., p. 3.), Counsel's efforts to pursue the third point would have been futile. (Id., p. 7.) Most importantly, had counsel pursued the additional reduction, he faced the possibility of the Court reconsidering "the

4

acceptance of responsibility issue and awarding no credit for acceptance at all.", which would have been in accordance with Application Note 4 and would have increased Movant's sentence "almost 20 months more than that actually imposed." (Id., pp. 7-8.)

Movant filed his Reply to the United States' Response on August 23, 2004. (Document No. 40.) Citing Lancaster, 112 F.3d at 158, Movant argues that the Court erred in not awarding him the additional one level reduction under § 3E1.1(b), and that counsel was ineffective in failing to correct this error by objecting and citing controlling precedent during his sentencing hearing. (Id., pp. 2-3.) Movant therefore, requests that the Court "follow its precedent and the cases interpreting the mandatory language of the Guidelines § 3E1.1(b) and grant the additional one-point reduction." (Id., p. 3.)

## ANALYSIS

### A.      Waiver of Right to Indictment.

The United States Supreme Court has held that although an indictment was required at common law in all cases warranting serious punishment, Rule 7 of the Federal Rules of Criminal Procedure "recognizes that this safeguard may be waived" in non-capital cases. Smith v. United States, 360 U.S. 1, 9, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041 (1959). Rule 7(b) provided in 2001, at the time of Movant's sentencing, as follows:[3]

> An offense punishable by imprisonment for more than one year may be prosecuted
> by information if the defendant – in open court and after being advised of the nature

---

[3] Rule 7(b) was amended effective December 1, 2002, just prior to Movant's sentencing on December 11, 2001. Prior to that time, Rule 7 read as follows:

> An offense which may be punished by imprisonment for a term exceeding one year
> or at hard labor may be prosecuted by information if the defendant, after having been
> advised of the nature of the charge and the rights of the defendant, waives in open
> court prosecution by indictment.

of the charge and of the defendant's rights – waives prosecution by indictment.

The record plainly evidences that the Court advised Movant of his right to proceed by indictment and that Movant entered a written waiver of it after having been advised of the nature of the charges against him, the proposed information and his rights as required under Rule 7(b) of the Federal Rules of Criminal Procedure. (Document No. 35, pp. 11-13, Plea Hearing Transcript.) Movant clearly made a knowing, intelligent and legally effective and binding waiver of his right to indictment in open Court. His claim that he did not, and that his constitutional rights were violated, therefore, has no merit.

**B.     Plea Agreement/United States' Responsibility to Advise Court of Movant's Cooperation.**

Under the plea agreement, the United States "reserve[d] the right" to advise the Court of the nature and extent of Movant's cooperation and acceptance of responsibility. The United States held it within its discretion, made no promise, and therefore was not bound to speak up on these issues at Movant's sentencing. Nevertheless, the United States addressed Movant's acceptance of responsibility with respect to the withdrawal of his objection to the amount of drugs attributed to him based on Amber Whisda, and voiced support for a three level decrease of his offense level for acceptance of responsibility. (Document No. 36, pp. 38-39, Sentencing Transcript.) Obviously, the United States did not breach the plea agreement concerning the nature and extent of Movant's cooperation, and Movant's claim therefore, is without merit.

Reading Movant's claim more broadly as the Court is required to do, however, to state that he should have received a further one offense level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b), the undersigned finds that Movant's claim is procedurally defaulted. Review of sentencing error is available in the first place on direct appeal. See 18 U.S.C. § 3742(a)(allowing for direct appeal from sentence imposed in violation of law or based on incorrect application of sentencing guidelines). Failure to raise an issue presented in sentencing which is non-

constitutional in nature amounts to a waiver of the right to contest the issue in § 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989). With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, § 2255 is no substitute, and the failure precludes § 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised in a direct appeal.") The Court stated as follows in United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993):

> If defendants could routinely raise, in a § 2255 collateral proceeding, errors in sentencing not raised on direct appeal which the sentencing court had not had an opportunity to correct, Congress's intent of encouraging direct appellate review of sentences under the Sentencing Guidelines would be frustrated. Moreover, the Federal Rules of Criminal Procedure now plainly set out the procedure that must be used for challenges to presentencing reports and sentencing procedures.

See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996), quoting the above passage from Essig and adopting the cause and prejudice standard for § 2255 attacks on sentences following guilty pleas. The standard is conjunctive. Movant must show good cause for and prejudice from his failure to raise the issues which he now advances under § 2255 on direct appeal. See Theodorou, 887 F.2d at 1340. The Court stated in Theodorou at 1339 that "[t]here is no question that the due process clause gives convicted defendants the right to be sentenced on the basis of accurate information." Movant's failure therefore to raise his non-constitutional claim in a direct appeal precludes him from raising it in these § 2255 proceedings. Movant must be regarded as having waived his right to proceed with this issue in these § 2255 proceedings by failing to raise it on direct appeal.

### C.       Ineffective Assistance of Counsel.

The burden is on Movant to prove that his trial attorney failed to render effective assistance.

7

Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Movant must show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064-65. Counsel's performance is entitled to a presumption of reasonableness and judicial review of counsel's strategic decisions is highly deferential. Id. at 689, 104 S.Ct. at 2065. Thus, a petitioner challenging his conviction on the grounds of ineffective assistance must overcome a strong presumption that the challenged actions constituted sound trial strategies. Id. The Court in Strickland cautioned against the ease in second-guessing counsel's unsuccessful assistance after the adverse conviction and sentence are entered. Id. The Fourth Circuit Court of Appeals specifically recognized that ineffective assistance of counsel may not be established by a "Monday morning quarterbacking" review of counsel's choice of trial strategy. Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991), aff'd, 985 F.2d 553 (4th Cir.) cert. denied, 506 U.S. 1087, 113 S.Ct. 1069, 122 L.Ed.2d 372 (1993). Applying this standard, and based upon all of the evidence of record, the undersigned finds that Movant cannot meet his burden and that Movant's claims of ineffective assistance of counsel are without merit. Ardently

**1.     Failure to Advise Movant of his Right to Indictment.**

Movant alleges that he was constructively denied effective assistance of counsel when counsel waived Movant's right to be charged by indictment in the absence of any benefit accruing to him from the waiver. (Document No. 29, pp. 11-13.) He states that counsel did not advise him of his "right to indictment by grand jury . . . [and that if he had] been apprised of the benefits of grand jury proceedings, the choice to waive indictment would not have been a choice of [his]." (Id., p. 13.) The transcript of Movant's plea hearing however, demonstrates that the District Court advised Movant of his right to be charged by indictment and asked Movant whether he understood that right

8

and discussed the matter of waiving his right to grand jury indictment with his attorney, to which Movant responded affirmatively. (Document No. 35, pp. 11-13, Plea Hearing Transcript.)Following the Court's colloquy with Movant, Movant knowingly and intelligently signed a written waiver of his right to prosecution by indictment. (Document No. 6.) The undersigned finds therefore, that Movant's claim of ineffective assistance in this regard is without merit.

### 2.      Failure to Investigate.

Movant alleges that trial counsel failed to make any reasonable investigation of the facts and circumstances of his case. Specifically, he contends that he was prejudiced during the sentencing phase of his case when counsel was unable to impeach "statements made by witnesses for the government." because he had not conducted a reasonable investigation of the circumstances surrounding the charges filed against Movant. (Document No. 29, pp. 14-15.) He further states that "[h]ad Campbell investigated such impeaching material before Dr. Amar's choice to plea, the decision concerning plea or trial would have been much more intelligent." (Id., p. 15.) Trial counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691, 104 S.Ct. at 2066. When trial counsel did not make an investigation, his decision "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. In determining the reasonableness of counsel's actions, consideration may be given to "the defendant's own statements or actions." Id.

The undersigned finds that Movant cannot satisfy the prejudice prong of the Strickland analysis because he has neither specified what evidence would have been revealed had counsel made an investigation, nor demonstrated how such evidence would have altered the outcome of his case. Although Movant claims that contradictory statements made by certain Government witnesses surfaced during the sentencing phase of his criminal case, he does not identify the particular evidence counsel could have used to impeach the witnesses' statements. In the absence of such

9

evidence, Movant cannot demonstrate that counsel's failure to investigate the United States' case prejudiced him. Movant's claim therefore, is without merit.

### 3.    Advising Movant to Plead Guilty Without Investigating.

Movant further alleges that counsel rendered ineffective assistance when he advised Movant to plead guilty without first conducting a reasonable investigation of his case. Having not investigated the circumstances of his case, Movant contends that counsel was unable to assess the strength of the government's evidence against him and identify possible defenses. (Document No. 29, pp. 15-16.)

It is well recognized that trial counsel's failure to investigate mitigating circumstances and potential defenses may amount to ineffective assistance. See Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); Tucker v. Ozmint, 350 F.3d 433, 440 (4th Cir. 2003), cert. denied, __ U.S. __, 124 S.Ct. 2100, 158 L.Ed.2d 715 (2004). Counsel however, is not ineffective in failing to pursue claims lacking in merit. Movant has not identified any possible defenses that were available to him and nothing in the record beyond mere conjecture indicates that trial counsel could have pursued a defense of any consequence.

To establish ineffective assistance of counsel with respect to his decision to enter a guilty plea, Movant must prove that "there is a reasonable probability that, but for counsel's [failure to investigate], he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed. 203 (1985). Movant does not allege that he would have insisted on going to trial had counsel conducted a reasonable investigation. Rather, Movant alleges that his decision "concerning plea or trial would have been much more intelligent." had counsel investigated the United States' case. Furthermore, the evidence of record does not support a finding that a reasonable probability exists that Movant would not have been convicted had he proceeded to trial. The plea hearing testimony of Agent Stephen L. Utt, Drug Enforcement Administration [DEA], indicates that the United States was able to prove through documentary

10

evidence and the testimony of one of Movant's former employees, Misty Phillips; a close acquaintance, Faith Kinkaid; and Faith Kinkaid's close friends, that Movant engaged in improper prescription practices by writing Faith Kinkaid and her friends, prescriptions for Percocet, Hydrocodone, OxyContin, and Xanax, sometimes in exchange for sexual favors. (Document No. 35, pp. 16-22, Plea Hearing Transcript.) Accordingly, the undersigned finds that Movant has not proffered any specific evidence or testimony that could have been produced had counsel conducted a reasonable investigation of the United States' case and therefore, has not established that counsel's actions were deficient or prejudiced him. Movant's claim is without merit.

1.  **Failure to advise Court of Movant's Cooperation, Request Credit for Acceptance of Responsibility and Raise Other Objections at Sentencing.**

Movant alleges four separate instances of ineffective assistance during his sentencing hearing: (A) counsel failed to object to the United States' failure to address his cooperation, in violation of the plea agreement; (B) counsel failed to object to the calculation of the weight of the OxyContin pills based upon the weight of the entire pill, as stated in the PSR; and (C) counsel failed to "challenge the district court's failure to resolve the factual and legal disputes which he himself raised." (Document No. 29, pp. 16-17.)

a.  **Breach of Plea Agreement.**

The undersigned has already determined that Movant's claim that the United States breached the plea agreement by failing to address his cooperation is without merit. Reading Movant's claim more broadly as the Court is required to do, however, to state that counsel was ineffective in failing to insist that he should have received a further one offense level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b), the undersigned finds that Movant was deserving of this credit. A defendant merits a one offense level reduction under U.S.S.G. § 3E1.1(b) if his Offense Level prior to application § 3E1.1(a) is 16 or greater and he:

11

has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

> (1) timely providing complete information to the government concerning his own involvement in the offense; or
> (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

The Fourth Circuit has stated that "[t]he defendant need not satisfy both (b)(1) and (b)(2); one or the other is sufficient. [Citation omitted] Moreover, once the defendant proves by a preponderance of the evidence that he is eligible for the additional one-level adjustment, the district court has no discretion to refuse to award it. [Citation omitted]" United States v. Lancaster, 112 F.3d 156, 158 (4th Cir. 1997). It appears that Movant qualified for this additional one-level reduction because his Offense Level was over 16 and he agreed from the start to plead guilty to an Information.

Having determined that Movant was entitled to the additional one-level reduction, the Court must now consider whether counsel was ineffective in not insisting that Movant be awarded this additional credit. Respondent argues that counsel's ability "to persuade the court to overlook defendant's clear obstruction of justice and still reduce his sentence for some acceptance of responsibility . . . was a significant achievement." (Document No. 37, p. 7.) Citing United States v. Melton, 970 F.2d 1328, 1335-36 (4th Cir. 1992), Respondent avers that under Application Note 4 to § 3E1.1, "an enhancement for obstruction of justice generally precludes any credit whatsoever for acceptance of responsibility." (Document No. 37, p. 6.) For counsel to have insisted that the District Court grant "a further one-point reduction on the grounds that it was mandated after the court had already expressly found, on the record, that there were circumstances that mitigated against the third acceptance point, might well have been futile." (Id.)

> Moreover, defense counsel had to weigh the possibility that arguing for the third acceptance point might not benefit his client and indeed might actually have proved detrimental. The Court might well have concluded that it would reconsider the acceptance of responsibility issue and award no credit for acceptance at all. Such a

12

decision certainly would have been in accordance with the law regarding the "extraordinary case" limitation upon acceptance of responsibility in circumstances where obstruction of justice had been determined. Obviously, had the court reconsidered the acceptance of responsibility decision and given no reduction, defendant's minimum sentence would have been almost 20 months more than that actually imposed.

(Id., pp. 6-7.)

The undersigned finds Respondent's reasoning persuasive. Under Application Note 4 to U.S.S.G. § 3E1.1, conduct resulting in an obstruction of justice enhancement pursuant to § 3C1.1 "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." In "extraordinary cases" however, adjustments for both obstruction and acceptance may be applicable. Id. Movant's counsel objected to the PSR's recommendation that Movant receive no reduction for acceptance and vigorously argued during sentencing that Movant accepted his offensive conduct and the weight of the drugs involved. (Document No. 36, pp. 35-46.) The District Court, notwithstanding the fact that Movant counseled an individual to cover up the illegality of the prescriptions he wrote for him and threatened a possible witness, granted Movant a two point reduction for acceptance of responsibility and advised Movant's counsel that the two point reduction was probably more than he deserved given the facts and circumstances of the matter. (Id., p. 45.) In view of this statement, had counsel demanded that the Court grant the additional one-level reduction as required by § 3E1.1(b), Movant reasonably could have lost the two-level reduction for acceptance. In this respect, counsel's strategy worked to Movant's benefit and therefore, Movant cannot establish that he was prejudiced by counsel's decision not to pursue the additional reduction. See e.g., United States v. Whisonant, 2000 WL 1186982, *6 (4th Cir. (N.C.) Aug. 22, 2000) (finding that "counsel's not emphasizing the acceptance of responsibility issue was a completely reasonable tactical decision and cannot support a claim for ineffective assistance" when it was possible that the court would have added an obstruction enhancement for perjurious testimony during the sentencing hearing.).

b.        **Calculation of Drug Weights.**

Movant alleges that counsel was ineffective in failing to "challenge the PSR's calculation using the weight of each entire pill containing Oxycontin, a difference that enormously affected sentence determination." (Document No. 29, p. 17.) The undersigned considers Movant's claim as one for a reduction of his sentence pursuant to Amendment 657. Amendment 657, effective November 1, 2003, amends Note B to USSG § 2D1.1(c) by adding a new paragraph, which reads: "The term Oxycodone (actual) refers to the weight of the controlled substance, itself, contained in the pill, capsule, or mixture." The Amendment also amended the Commentary to § 2D1.1, "Application Notes," in Notes 9 and 10. The reason for the Amendment is to address (a) formulations of different medicines and (b) different amounts of oxycodone found in pills of identical weight. The Drug Equivalency Tables are changed to establish offense levels by using the weight of the actual oxycodone instead of calculating the weight of the entire pill. Penalties for offenses involving 10 mg OxyContin pills are identical to offense levels that existed prior to the Amendment. Offense levels for all other doses of OxyContin are substantially increased; offense levels for Percocet are decreased somewhat. United States Sentencing Commission, Guidelines Manual, Appendix C, Vol. II, Amendment 657, at 396-97 (Nov. 1, 2003). One gram of oxycodone is now equivalent to 6700 grams of marijuana. (Id. at 396.) The Court notes that offense levels for distribution of Tylox and Percodan are also decreased somewhat.

Movant's Presentence Investigation Report [PSI] attributed 208.1 grams of oxycodone tablets/capsules, with a marijuana equivalency of 104,050.00 grams, to Movant with respect to the prescriptions written to Faith Kinkaid.[4] (Document No. 26, ¶ 34, PSI.) The United States' summary of the prescription drugs attributed to Movant, which was submitted to the Court during Movant's sentencing hearing, specifies the particular drug quantities and doses attributed to Movant in the PSI.

_____

[4] A grand total amount of 149,883.375 grams (149.883 kilograms) of marijuana was attributed to Movant. (Document No. 26, ¶ 34.)

14

(Document No. 25.) The 208.1 grams of oxycodone encompasses 60 Percodan five milligram tablets and OxyContin pills of 20 milligrams and higher. (Id.) Amendment 657 now imposes longer sentences for dosages stronger than 10 milligrams OxyContin and therefore, no change in Movant's sentence is required under Amendment 657 respecting the OxyContin.[5] The PSI and the summary of prescriptions further indicate that the amount of oxycodone attributed to Movant for the unlawful distribution of Percodan was calculated on the basis of the weight of each Percodan tablet (.4 grams), about 60 Percodan tablets. The 2005 edition of the Physician's Desk Reference, the leading resource on pharmaceutical products, states, at page 1223, that each Percodan contains 4.3346 milligrams of oxycodone (4.5 milligrams of oxycodone hydrochloride and .3008 milligrams of oxycodone terephthalate) and 325 milligrams of aspirin. Based upon these weights, the actual weight of oxycodone in the 60 Percodan tablets was .260076 grams (60 x .004334), not 24 grams as caluclated upon the weight of each Percodan tablet (.4 grams). Converting this amount to its marijuana equivalency in view of Amendment 657 where one gram of actual oxycodone contained in the Percodan tablets is equal to 6700 grams of marijuana, the amount of marijuana attributable to Movant as a consequence of his involvement in the unlawful distribution of the Percodan only is 1742.5092 grams. Subtracting this amount from the total of 149,883.375 grams of marijuana equals 149,883.115 grams of marijuana (149.883 kilograms).

Though application of Amendment 657 results in a very slight reduction in the amount of marijuana attributable to Movant by conversion as a consequence of his involvement in the unlawful distribution of oxycodone, the marijuana equivalency attributable to him for his involvement in the unlawful distribution of oxycodone remains well over 100 kilograms. As noted above, the Drug

---

[5] The undersigned notes that the November 1, 2001, edition of the Guidelines Manual, which was used in determining Movant's offense level, provided that one gram of oxycodone was equivalent to 500 grams of marijuana. Applying Amendment 657 to Movant's case requires the Court to use the marijuana equivalency of one gram of oxycodone being equivalent to 6700 grams of marijuana, a significant increase.

Equivalency Table provides that more than 100 kilograms but less than 400 kilograms of marijuana yields the Base Offense Level of 26 which was deemed the Movant's Base Offense Level. (Document No. 36, p. 47, Sentencing Transcript.) Defendant's Base Offense Level therefore, is not lowered or reduced and must remain the same under Amendment 657.

### c.   Factual/Legal Disputes.

Finally, Movant alleges that counsel was ineffective in failing to follow through on his objections to the contents of the PSI. (Document No. 29, p. 17.) The record reveals that defense counsel objected to the following paragraphs of the PSI: 6 through 9, 13, 17, 19, 29, 30 through 31, 33, 34 through 38, 44, 51, and 53. (Document No. 26, pp. 23-26.) Counsel's objections to paragraphs 6 through 9 (Faith Kinkaid's contradictory statements), 34 through 38 (relevant conduct calculations), 44, 51, and 53 (acceptance of responsibility), were ardently argued by counsel during sentencing and addressed by the Court. (Document No. 36, pp. 6-31, 35-42, Sentencing Transcript.) Counsel's objection to paragraph 19, although not specifically enumerated during sentencing, concerned a statement made by Faith Kinkaid which was consumed within the objections to paragraphs 6 through 9, 30, and 31. (Id.) The Court granted Movant a two level reduction for acceptance, but otherwise overruled counsel's objections to the PSI. (Id., pp. 20, 31-33, 42-46.) With respect to the objections concerning the drug weight calculations, both defense counsel and the United States advised the Court that the objections were resolved. (Id., pp. 6, 9-10.) Defense counsel withdrew his objections to paragraphs 30 and 31 during sentencing and Movant advised the Court that he understood the consequences of the withdrawal. (Id., pp. 5-6, 35.) The undersigned notes that the withdraw of the objections to these two paragraphs weighed heavily in the Court's decision to grand Movant a two point reduction for acceptance of responsibility. (Id., pp. 35-46.) Movant therefore, cannot establish that counsel's failure to pursue his objections to paragraphs 30 and 31 prejudiced him.

The only objections not specifically addressed or withdrawn during sentencing were those

16

to paragraphs 13, 17, and 29. During Movant's sentencing hearing, however, defense counsel advised the Court that he and the Assistant United States Attorney had "worked" out his remaining objections prior to sentencing. (Id., p. 5.) Even if the remaining objections were not resolved prior to sentencing, the undersigned finds that Movant has not demonstrated how he was prejudiced by counsel's failure to pursue his objections. Counsel objected to paragraph 13 on the basis that he had no information that the paragraph was true. (Document No. 26, p. 24.) The probation officer advised counsel of the basis for the statement and no further objection was made on the record. (Id.) With respect to paragraphs 17 and 29, counsel denied that Movant had perforated a patient's colon while impaired on demerol and asserted that Movant examined Stephanie Triggs in his office in July, 2001. (Id.) Movant has not alleged that these two statements specifically resulted in the imposition of an increased sentence and the record does not indicate that the statements were a factor in determining relevant conduct. Accordingly, the undersigned finds that Movant has not established that he was prejudiced by counsel's failure to pursue these objections during sentencing and therefore, his claims of ineffective assistance are without merit.

## PROPOSAL AND RECOMMENDATION

For the foregoing reasons, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** and **DISMISS** Movant's Motion (Document No. 29.) and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections

identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Movant, *pro se*.

ENTER: May 6, 2005.

R. Clarke VanDervort
United States Magistrate Judge

18